IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PHILIP HALBERT NEILSON                                                          PLAINTIFF

v.                                                                                CIVIL ACTION NO.: 3:13cv300

JAMES GREENLEE, MATTHEW BULWINKEL,
MICHAEL TURNER, OF THE FEDERAL
BUREAU OF INVESTIGATION, SUSAN HOWELL
OF THE OFFICE OF THE INSPECTOR GENERAL,
THE UNITED STATES OF AMERICA, JOHN DOES 1-15          DEFENDANTS

## ORDER

On November 25, 2014, this court entered an order dismissing this case without prejudice for failure to prosecute. In that order, this court found that plaintiff had failed, for almost a full year, to serve process upon the defendants in this action, even though Rule 4(m) of the Federal Rule of Civil Procedure provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The fact that process had not been served should not have come as a surprise to plaintiff, since the Clerk entered a Notice of Incomplete Process on July 7, 2014 which plainly informed him that "the court file does not show that a summons has been served as to the following party(ies): James Greenlee, Matthew Bulwinkel, Michael Turner, Susan Howell, The United States of America." The Magistrate Judge reiterated plaintiff's failure in this regard in an August 15, 2014 show cause order.

1

In concluding that the case should be dismissed, the court wrote in its November 2014 order that:

> Rather than attempting to obtain service of process on the defendants, plaintiff filed an Amended Complaint on September 12, 2014. Even now plaintiff does not appear to have made any effort to even have a summons issued for the Amended Complaint, much less to accomplish service of process. Plaintiff has provided no good faith basis for his complete failure to obtain service of process on defendants. Because plaintiff has made no effort to prosecute his case, this action is DISMISSED without prejudice.

[November 25, 2014 order at 2].

Following dismissal of this action, counsel for plaintiff wrote this court a letter dated January 5, 2015, in which she asserted that she believed that process had actually been served. The court does not intend to address the merits of plaintiff's argument in this regard, since the heart of counsel's letter dealt not with service of process issues, but rather recusal issues. In her letter, counsel noted that this court had previously recused itself, on its own motion, from a very similar prior action involving these same parties, and she wondered why this court had not done so in this action. Specifically, counsel wrote as follows:

> My client feels that if Your Honor could not be fair and impartial in the previous case that it would be similarly impossible to do so in the case at bar. I have never questioned Your Honor's ability to be fair and impartial in my many dealings with this Court. However, I do agree that even the hint of impartiality can irreparably taint the proceedings and I am following my client's wishes to bring this to Your Honor's attention.

This court has attached this letter as an exhibit to this order.

In responding to plaintiff's concerns, the court would first note that it did not recuse itself from the prior action based upon any belief that it could not be fair and impartial. Rather, the court simply felt that it had such extensive dealings with (and esteem for) various parties and counsel on both sides of the case that it would be better if some other judge were to hear it. The

court felt then, and feels now, that the recusal issues were close ones, and it strongly considered hearing the original case.

That brings the court to the instant case. This case was initially referred to Magistrate Judge Alexander, and this court believed that she would litigate it. In November 2014, however, Judge Alexander advised this court that, since all parties had not agreed to the referral of the case to her, this court would need to enter any dismissal for failure to prosecute. Prior to doing so, the court considered once again whether it should recuse itself. This court ultimately decided to enter the order of dismissal based upon a belief that plaintiff had no real interest in litigating this case and that its dismissal would be largely an administrative matter. In so concluding, the court was aware that there had been similar lawsuits brought by plaintiff in both federal and state court, and it frankly felt that plaintiff had decided that this case was not the forum in which he wished to litigate his claims. Otherwise, it was difficult for this court to discern why plaintiff had failed to serve process for almost a year. After reviewing counsel's letter, however, it is now apparent that plaintiff does, in fact, intend to litigate this particular lawsuit, and the court agrees that it should proceed in a manner consistent with its prior ruling and recuse itself from hearing this case.

In concluding that recusal is in order, the court places some weight upon the apparently sincere (albeit mistaken) belief on the part of plaintiff that this court could not be fair and impartial. While judges should not, in the court's view, be pressured into recusing based upon litigants' subjective beliefs, it does not completely discount such views either, at least where they are sincerely held. The court is also cognizant of Judge Keady's order in *Limeco, Inc. v. Division of Lime*, 571 F.Supp. 710, 711 (D.C. Miss. 1983), where he granted a motion to recuse in a case involving the state Division of Lime on the basis of a vote he had taken four decades

3

previously as a member of the State Legislature. The vote in question had "establish[ed] limestone crushing plants in the State of Mississippi as a state-sponsored function," *Limeco*, 571 F. Supp. at 711, and Judge Keady elected to recuse even though he could not even recall having made the vote in question. As in *Limeco*, this court is fully confident that it lacks any bias in deciding this matter but, as noted by Judge Keady:

> It is well settled by all legal authorities that even if no bias or prejudice of a judge may actually exist, it is enough to disqualify that there be the mere appearance of partiality. Judicial ethics "exact more than virtuous behavior; they command impeccable appearance. Purity of heart is not enough. Judges' robes must be as spotless as their actual conduct."

*Id.*, citing *Hall v. Small Business Administration*, 695 F.2d 175, 176 (5th Cir.1983).

In light of the foregoing, the court hereby reconsiders its decision to hear this case. The court vacates its November 11, 2014 order dismissing this action and directs that the Clerk reassign it to another judge.

SO ORDERED this 15th day of January, 2015.

_____
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

4